**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**CORYDON CARLTON, #12-A-1363,**

                    **Plaintiff,**

           **-vs.-**

**C.O. PEARSON,**

                 **Defendant.**
_____

                                              **ANSWER**

                                              **16-CV-00680**

        Defendant, Robert Pearson, by his attorney, Eric T. Schneiderman, Attorney General of

the State of New York, David J. Sleight, Assistant Attorney General, of counsel, for his Answer

to Plaintiff's Complaint alleges:

        1.        Admit the allegations in paragraphs 1 and 2.

        2.        Deny the allegations in paragraphs 7, 9, 10, 11, 15, 16, 17, 18, 21 and 24.

        3.        Deny knowledge and information sufficient to form a belief as to the truth or

falsity of the allegations in paragraphs 4, 6, 8, 12, 14, 20 and 25.

        4.        Answering the allegations in paragraph 3, admit that that the cell doors were

opened for commissary, that inmate Goring entered Plaintiffs cell and an altercation between he

and Plaintiff ensued, but deny that Defendant allowed Goring to enter Plaintiff's cell.

        5.        Answering the allegations in paragraph 5, deny that Plaintiff's cell door closed

and that Goring was in Plaintiff's cell that amount of time, and deny knowledge and information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

        6.        Answering the allegations in paragraph 8, deny the allegations pertaining to

wrongdoing by Defendant and deny knowledge and information sufficient to form a belief as to

the truth or falsity of the remaining allegations in this paragraph.

7.      Answering the allegations in paragraph 13, aver that duty is a legal question, refer all matters of law to the Court and, therefore, deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

8.      Neither admit nor deny the allegations in paragraph 23, except admit that Plaintiff purports to invoke the cited statutes and base his claims thereon.

9.      Answering the allegations in paragraph 26, aver that this constitutes a statement of the relief Plaintiff seeks and, therefore, no response is required.

10.      Defendant denies each and every allegation not admitted, denied, or otherwise responded to above, except insofar as such allegation constitutes an admission against Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

11.       The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

12.      Defendant, at all times relevant hereto, acted without malice and under the reasonable belief that his actions were proper and in accordance with existing law.

13.      Defendant, at all times relevant hereto, acted in good faith in the lawful exercise of the discretion committed to him under federal and/or state law and is immune from liability.

14.      Defendant did not violate any clearly established statutory or constitutional rights of the Plaintiff which a reasonable person would have known and, therefore, is entitled to qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

15.      The alleged conduct as set forth in Plaintiff's complaint, in whole or in part, was properly within the discretionary authority committed to Defendant to perform his official

functions, and the relief prayed for would constitute an improper intrusion by the federal judiciary into said discretionary authority.

## FOURTH AFFIRMATIVE DEFENSE

16.     Defendant had at all times acted in conformity with all federal and state constitutional, statutory and/or regulatory provisions.

## FIFTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims are barred, in whole or in part, due to Defendants' lack of personal involvement.

## SIXTH AFFIRMATIVE DEFENSE

18.     Plaintiff's claims are barred, in whole or in part, by the holdings in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and <u>Edwards v. Balisok</u>, 117 S.Ct. 1584 (1997), and their progeny.

## SEVENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's complaint, in whole or in part, fails to state a claim pursuant to <u>Mt. Healthy School District v. Doyle</u>, 429 U.S. 274 (1997).

## EIGHTH AFFIRMATIVE DEFENSE

20.     This action is barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

## NINETH AFFIRMATIVE DEFENSE

21.     Plaintiff's claims are barred, in whole or in part, pursuant to the Prison Litigation Reform Act, Title 42 U.S.C. §1997 (e), due to Plaintiff's failure to exhaust his administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

22.     This action is barred, in whole or in part, pursuant to §24 of the New York State

Corrections Law.

### ELEVENTH AFFIRMATIVE DEFENSE

23.     The action is barred, in whole or in part, by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

24.     The action is barred, in whole or in part, by the doctrines of collateral estoppel

and/or res judicata.

### THIRTEENTH AFFIRMATIVE DEFENSE

25.     Plaintiff has failed to exhaust his available administrative remedies.

### FOURTEENTH AFFIRMATIVE DEFENSE

26.     To the extent that Plaintiff raises state law claims, they are barred by § 259-q of

the Executive Law and by other state law.

### FIFTEENTH AFFIRMATIVE DEFENSE

27.     To the extent Plaintiff has, on three or more occasions, brought an action or

appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a

claim upon which relief may be granted, he is barred from proceeding under § 1915.

28.     To the extent that Plaintiff has accumulated three or more "strikes" under the

PLRA, he is barred from proceeding *in forma pauperis.*

### SIXTEENTH AFFIRMATIVE DEFENSE

29.     Upon information and belief, Plaintiff has been convicted of one or more felonies

or other crimes for which there are or may be restitution orders pending.

30.     Pursuant to §807 of the Prison Reform Act of 1995, any compensatory damages

to be awarded Plaintiff herein shall be paid directly to satisfy any such outstanding orders until

paid in full.

## SEVENTEENTH AFFIRMATIVE DEFENSE

31.     Pursuant to §808 of the Prison Reform Act of 1995, prior to payment of any

compensatory damages to Plaintiff, the Crime Victims Board is required to notify any victims of

such crime for which plaintiff was convicted and incarcerated.

32.     Upon information and belief, Plaintiff must be compelled to cooperate in the

notification of his victims prior to payment herein, or he should be barred from recovery.

33.     Plaintiff is not or may not be entitled to any payment herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

34.     The action is barred, in whole or in part, by the doctrines of release and waiver.

## DEMAND FOR JURY TRIAL

30.     Defendant demands trial by jury.

**WHEREFORE**, Defendants pray that judgment be entered in their favor dismissing

Plaintiff's complaint in all respects, with prejudice, and that Defendants be awarded reasonable

costs and attorney's fees, along with such other relief as may be just, proper, and equitable.

DATED:      Buffalo, New York
            March 22, 2017

ERIC T. SCHNEIDERMAN
Attorney General of the
 State of New York
Attorney for the Defendant
Brian Fischer
BY:
/s/ David J. Sleight
DAVID J. SLEIGHT
Assistant Attorney General
 of Counsel
350 Main Street, Suite 300A
Buffalo, NY 14202
Telephone: (716) 852-6274
David.Sleight@ag.ny.gov

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**CORYDON CARLTON, #12-A-1363,**

                     **Plaintiff,**

                                                  **16-CV-00680**

          -vs.-

**C.O. PEARSON,**

                    **Defendant.**
_____

## CERTIFICATE OF SERVICE

       I hereby certify that on March 22, 2017 I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system.

       And, I hereby certify that on March 22, 2017, I mailed a copy of the foregoing, by the United States Postal Service, to the following non-CM/ECF participants:

                        Corydon Carlton (12-A-1363)
                        Sullivan Correctional Facility
                        325 Riverside Drive
                        P.O. Box 116
                        Fallsburg, New York 12733-0116

                                 ERIC T. SCHNEIDERMAN
                                 Attorney General of the State of New York
                                 Attorney for Defendants

                  By:    *s/David J. Sleight*
                                 DAVID J. SLEIGHT
                                 Assistant Attorney General, of Counsel
                                 Main Place Tower, Suite 300A
                                 350 Main Street
                                 Buffalo, New York 14202-3473
                                 Telephone: (716) 852-6271
                                 David.Sleight@ag.ny.gov