UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CORYDON CARLTON, #12A1363

                            Plaintiff,                  16-CV-680W(Sr)

v.

C.O.PEARSON,

                            Defendant.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Elizabeth A. Wolford, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #8.

Currently before the Court is defendant's letter request seeking authorization from plaintiff to obtain plaintiff's mental health records. Dkt. #32. In support of the request, defendant's counsel argues that plaintiff is claiming damages for emotional distress Dkt. #32.

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." In *Jaffe v. Redmond*, the United States Supreme Court "made clear that the federal courts are required to recognize that confidential communications between a licensed psychotherapist - including a licensed social worker engaged in psychotherapy - and his or her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Sims v. Blot*, 534 F.3d 117, (2d Cir. 2008), *citing* 518 U.S. 1, 15 (1996). The privilege is not forfeited when an opposing party raises plaintiff's mental state as an issue in the

case. *Id.* at 134. However, the privilege will be waived when the plaintiff places his mental or emotional state at issue in the proceeding by seeking damages beyond "garden variety" claims of emotional distress. *Id.* at 140-41. "In 'garden variety' emotional distress claims, the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury." *Olsen v. County of Nassau*, 615 F. Supp.2d 35, 46 (E.D.N.Y. 2009); *See Sims*, 534 F.3d at 140-41 ("garden variety" claim is nothing more than emotional injury "ordinarily associated with a conventional claim for pain and suffering"). A plaintiff may withdraw or formally abandon claims for emotional distress beyond the garden variety claim in order to avoid forfeiting his psychotherapist-patient privilege. *Sims,* 534 F.3d at 134.

It is unclear from plaintiff's complaint whether he is claiming emotional distress beyond that which would be expected from his allegations that defendant failed to intervene while he was assaulted by another inmate. To the extent that plaintiff intends to use his mental health records as evidence of significant trauma or a diagnosable mental health condition caused by the incident, he cannot shield his mental health records, including his mental health history, from review by defendants. Accordingly, plaintiff shall either sign the authorization for release of his mental health records no later than February 23, 2018 or he shall forfeit any claim to emotional distress damages beyond a claim for garden variety emotional distress.

**SO ORDERED.**

DATED: Buffalo, New York
January 22, 2018

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**