UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

CORYDON CARLTON,

              Plaintiff,

v.

C.O. PEARSON, *Prison Guard and Employee at Wende Correctional Facility*,

              Defendant.

**DECISION & ORDER**

1:16-CV-00680 EAW

___

## **INTRODUCTION**

Plaintiff Corydon Carlton ("Plaintiff") filed this action on August 19, 2016, alleging violations of his civil rights. (Dkt. 1). Plaintiff alleges that defendant C.O. Pearson ("Defendant") failed to protect him from an assault by another inmate. Following discovery, Plaintiff filed a motion for summary judgment (Dkt. 40), which was subsequently denied (Dkt. 44). A jury trial is scheduled to begin on March 18, 2019. (Dkt. 47). Presently before the Court are Plaintiff's motions to appoint counsel. (*See* Dkt. 49; Dkt. 50; Dkt. 51).[1]

Plaintiff states that he has made "numerous attempts" to retain legal representation on his own, but despite his efforts he has failed to secure counsel. (Dkt. 49 at ¶ 3). Plaintiff also argues that he is "truly in need of counsel" (*id.* at 2), and that he does not "understand what to do or how to prepare for a trial" (Dkt. 51 at 3). Lastly, Plaintiff

___

[1] The electronic docket contains three separate entries denominated as motions to appoint counsel. However, the motion papers submitted at docket numbers 49 and 50 appear to be exactly the same.

- 1 -

contends that he has "been having some medical problems (HERNIA)" and will be undergoing surgery related to that medical issue, which "will take more time away" from his trial preparation. (*Id.*).

For the following reasons, Plaintiff's motions are denied.

## DISCUSSION

"Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel." *Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). Nonetheless, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants when the circumstances so warrant. *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988). The assignment of *pro bono* counsel in civil cases falls within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

In exercising this discretion, a court must keep in mind that there are "many reasons" for why it "should not grant such applications indiscriminately. Volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Indeed, "[t]here are far more *pro se* cases in this district than there are attorneys to represent the litigants." *Fields v. McNaughton*, No. 15-CV-6298-FPG-JWF, 2018 WL 4608201, at *1 (W.D.N.Y. Sept. 25, 2018). "The Court must consider carefully the issue of appointment of counsel because 'every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause.'" *Boyd v. Petralis*, No. 16-CV-6286W, 2017 WL 4533649, at *1 (W.D.N.Y. Oct. 10, 2017) (quoting *Cooper*, 877 F.2d at 172).

Accordingly, "[i]n evaluating a *pro se* litigant's request for appointment of counsel the Second Circuit require[s] the court to consider first whether the indigent's position appears likely to be one of substance...." *Davidson v. Goord*, 259 F. Supp. 2d 236, 237 (W.D.N.Y. 2002) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)).

> Only after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute.

*Carmona*, 243 F.3d at 632 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). Additionally, for prison inmates, the court should also give weight to the plaintiff's lack of practical access to attorneys. *See Cooper*, 877 F.2d at 173-74. All of these factors should be considered both non-dispositive and non-exclusive; "[e]ach case must be decided on its own facts." *Hodge*, 802 F.2d at 61.

Plaintiff was in prison at the time he filed the Complaint, and he currently remains in state custody at the Sullivan Correctional Facility. Plaintiff has also been granted leave to proceed *in forma pauperis*. (Dkt. 4). In his *in forma pauperis* application, Plaintiff stated that he was incarcerated, had not worked within the past 12 months, and his gross monthly income was about $40.00. (Dkt. 2 at 1-2). A prison official certified that Plaintiff held $19.51 on account to his credit at the Sullivan Correctional Facility, and that Plaintiff's average account balance for the previous six months was $64.13. (*Id.* at 2). As a result, Plaintiff has conclusively shown that he is indigent, and has met the threshold test for appointing counsel.

However, on balance, the above-referenced factors weigh against appointing counsel at this time. As the Second Circuit has noted, "[t]he vast majority of litigation on behalf of personal claimants is financed initially by lawyers who accept the representation for a contingent fee in the expectation of being rewarded by a share of the winnings." *Cooper*, 877 F.2d at 173. Plaintiff states that he has made "numerous attempts" to retain counsel on his own, but he has not been able to secure legal representation. (Dkt. 49 at ¶ 3). Plaintiff lists the names of attorneys and law firms that have either affirmatively declined to represent him or have not responded to his inquiries. (*Id.* at 1). Plaintiff's papers reveal that he has made attempts to find counsel. However, this, in-and-of-itself, is insufficient to warrant the appointment of counsel.

Plaintiff's claims revolve around a single violent alleged altercation between himself and another inmate. Plaintiff claims that on March 11, 2014, the prison cell doors were opened for commissary. (Dkt. 1 at 2). At that time, another inmate entered his cell and physically assaulted him. (*Id.*). Plaintiff alleges that Defendant, who was apparently operating the cell doors, locked the violent inmate in Plaintiff's cell and allowed the assault to persist despite Plaintiff's cries for assistance. (*See id.* at 2-4). Defendant eventually approached Plaintiff's cell about 30 or 35 minutes later and unlocked the door, asking the other inmate, "Are you done?" before the assault concluded. (*See id.* at 2-3).

The foregoing demonstrates that Plaintiff's allegations of Defendant's failure to protect him from the assault "satisfy the initial threshold showing of merit." *Fields*, 2018 WL 4608201, at *1; *see, e.g., Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 582 (S.D.N.Y.

2004) (finding Eighth Amendment allegations that the plaintiff was "savagely beaten by the Yonkers Police Department and attacked and bitten by a dog that was with the police," inflicting various injuries, "at least appear to have some chance of success"); *Allen v. Sakellardis*, No. 02 CIV.4373(JSR)(DF), 2003 WL 22232902, at *2 (S.D.N.Y. Sept. 29, 2003) (finding allegations that the plaintiff had been injured "as a result of being 'restrained . . . in [a] "full Nelson" headlock' and having his head 'repeatedly bang[ed] against the wall'" by corrections officers satisfied the threshold showing of merit). However, the trial will likely turn on the jury's determination as to the credibility of the witnesses, not any complex factual or legal issues which Plaintiff is incapable of handling on his own. *See Boyd*, 2017 WL 4533649, at *1 ("[C]ontrary to plaintiff's contentions, the legal issues in this case—use of force and failure to protect—do not appear to be complex."); *Paulin v. Figlia*, 916 F. Supp. 2d 524, 537 (S.D.N.Y. 2013) (denying appointment of counsel where the court "believes a trial in this case would be relatively straightforward and would turn in large part on the trier of fact's estimation of plaintiff's and the officers' credibility"). Indeed, the primary factual issues appear to be whether Defendant locked Plaintiff and the other inmate in Plaintiff's cell, whether Defendant was aware that the assault was taking place, and whether Defendant ignored Plaintiff's plight. Such questions do not appear to require substantial or special factual inquiry.

Furthermore, the trial is unlikely to require extensive cross-examination for which experienced trial counsel is required. *See Harris v. Totten*, No. 01 CIV 5214 SHS KNF, 2002 WL 230849, at *2 (S.D.N.Y. Feb. 15, 2002) (noting that "[w]hile cross-examination

may play a significant role in the trial of this action, the care with which plaintiff has taken to detail the facts and circumstances surrounding the assault he alleges occurred indicates to the Court that plaintiff will be able to frame questions to elicit responses pertinent to the prosecution of the action"). In fact, the Court has held a prior appearance with Plaintiff and finds Plaintiff able to succinctly and competently articulate his thoughts in a manner which suggests that he is capable of presenting his case to a jury without the assistance of counsel. *See Fowler v. Fischer*, 13-CV-6546-FPG-JWF, 2017 WL 1194377, at *3 (W.D.N.Y. Mar. 30, 2017) (denying appointment of counsel where the "plaintiff appear[ed] sufficiently knowledgeable and equipped to understand and handle the litigation"); *Castro v. Manhattan E. Suite Hotel*, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case [did] not present novel or overly complex legal issues, and there [was] no indication that [the plaintiff] lack[ed] the ability to present his case"). In addition, Plaintiff has participated in discovery and has propounded interrogatories, which further suggests an ability to handle himself through the conclusion of trial. (*See* Dkt. 16; Dkt. 23; *see also* Dkt. 29); *see generally Fields*, 2018 WL 4608201, at *1 (denying appointment of counsel where the plaintiff "utilized the discovery process and made a demand for documents").

Although Plaintiff claims he is suffering from "some medical problems" and that he will be undergoing surgery related to a hernia in the near future (Dkt. 51 at 3), he has not submitted sufficient information upon which this Court can determine that his claimed health issues would affect his ability to prepare for trial and otherwise represent himself. In sum, Plaintiff has submitted a Complaint that identifies the relevant factual

background in this matter, and he has participated in discovery, which has revealed no novel or overly complex issues. Plaintiff has stated no other special reason justifying the appointment of counsel in this action. Balancing the factors set forth in *Hodge* and *Cooper*, the Court finds that appointing counsel would be inappropriate, and, therefore, Plaintiff's motions (Dkt. 49; Dkt. 50; Dkt. 51) are denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: December 10, 2018
Rochester, New York