

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

CORYDON CARLTON,

        Plaintiff,

v.

C.O. PEARSON, *Prison Guard and Employee at Wende Correctional Facility*,

        Defendant.

———————————————————————

**DECISION & ORDER**

1:16-CV-00680 EAW

## **INTRODUCTION**

Plaintiff Corydon Carlton ("Plaintiff") filed this action on August 19, 2016, alleging violations of his civil rights. (Dkt. 1). Plaintiff alleges that defendant Correctional Officer Robert Pearson ("Defendant") failed to protect him from an assault by another inmate. Plaintiff filed his lawsuit on August 19, 2016 (Dkt. 1); discovery closed, at the latest, on December 22, 2017 (Dkt. 31); and on August 27, 2018, this Court scheduled a jury trial to commence on March 18, 2019 (Dkt. 48). The Court held a final pretrial conference on February 25, 2019, at which time the Court granted Plaintiff's oral motion to preclude Defendant's use of Plaintiff's and inmate Clifton Goring's ("Goring")[1] Tier III Hearing Transcripts (the "Transcripts") at trial, which were only recently produced to Plaintiff on or about February 11, 2019. (*See* Dkt. 61). On March 8, 2019, Defendant filed a motion

---

[1] Although Plaintiff's statements at the hearing would not constitute hearsay because they are admissions of a party opponent, and in addition the statements could be used to impeach Plaintiff during cross-examination, Defendant's theory as to the admission of Goring's testimony, even if not precluded, is unclear, since he is neither a party nor a witness who will be called at trial.

- 1 -

for reconsideration, requesting the Court reconsider its prior ruling and permit Defendant's use of the Transcripts at trial. (Dkt. 62).

For the reasons set forth below, Defendant's motion (Dkt. 62) is denied.

## DISCUSSION

### I. Legal Standard for Reconsideration

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285-CJS, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As noted by the Second Circuit Court of Appeals, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations and citations omitted). "With respect to the third of these criteria, to

justify review of a decision, the Court must 'have a clear conviction of error on a point [of law] that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States. v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 17, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

## II. <u>Legal Standard for the Imposition of Sanctions</u>

A district court has wide discretion to impose sanctions, including preclusion, where a party does not meet its discovery obligations. *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999) ("Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses. . . ."), *superseded by statute on other grounds as recognized by Hernandez v. Jrpac Inc.*, No. 14 Civ. 4176 (PAE), 2016 WL 3248493, at *35 (S.D.N.Y. June 9, 2016). If a party does not timely disclose Rule 26(a) information, the party generally is not permitted to use that information at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Middle Mkt. Fin. Corp. v. D'Orazio*, No. 96 Civ. 8138(SWK)(HBP), 2002 WL 31108260, at *4 (S.D.N.Y. Sept. 23, 2002) ("The 'automatic sanction' for a violation of Rule 26(a) is preclusion."). The non-disclosing party bears the burden of demonstrating that its non-disclosure was substantially justified or harmless. *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 395-96 (S.D.N.Y. 2005), *aff'd*, 248 F. App'x 232 (2d Cir. 2007).

### III. The Court Declines to Reconsider its Prior Ruling to Preclude Defendant's Use of the Tier III Hearing Transcripts at Trial

Defendant acknowledges that the case management order issued by United States Magistrate Judge H. Kenneth Schroeder, Jr. "required that Defendant provide Plaintiff with copies of documents identified as part of [his] Rule 26 disclosures." (Dkt. 62-4 at 3; *see* Dkt. 15 at 1 ("Defendants shall . . . provide to [P]laintiff copies of any documents prepared by any employee of the State of New York in connection with the events from which the [P]laintiff's claims arose. . . .")); *see also* L.R. Civ. P. 5.2(f) (requiring filing of discovery material in *pro se* cases). Judge Schroeder's order also notified the parties of the potential for "sanctions in the event of failure to comply with any direction of this Court." (Dkt. 15 at 5); *see Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions. . . ." (quotation and citation omitted)).

In support of his motion, Defendant argues that his initial Rule 26 disclosures, filed on July 20, 2017, identified Plaintiff's and Goring's "Tier II" hearing transcripts as documents that "may exist" and which have been requested from the New York State Department of Corrections and Community Supervision ("DOCCS"). (*See* Dkt. 22 at 3; Dkt. 62-1 at ¶ 3).[2] On August 4, 2017, Defendant filed a supplemental Rule 26 disclosure, which included several previously identified documents, but did not produce the Transcripts. (Dkt. 62-1 at ¶ 4; *see* Dkt. 24). Defendant's counsel explained that the

---

[2] At the final pretrial conference, Defendant's counsel explained that he had initially believed those hearings were "Tier II," but subsequently discovered that they were, in fact, Tier III hearings, which generally are recorded.

Transcripts were not received by his office "until sometime in September 2017," and were eventually "scanned on to [their] computer system on September 27, 2017." (Dkt. 62-1 at ¶ 4). However, Defendant's counsel apparently forgot to provide Plaintiff with copies of the Transcripts (*see* Dkt. 62-4 at 5), and it was only on February 11, 2019, that Defendant first produced copies of the Transcripts to Plaintiff along with Defendant's other pretrial submissions (Dkt. 62-1 at ¶ 6).

Courts in the Second Circuit apply a four-factor balancing test to determine whether preclusion of evidence is an appropriate sanction: 1) the party's explanation for failing to comply; 2) the importance of the evidence precluded; 3) the prejudice suffered by the opposing party; and 4) the possibility of a continuance. *See Bausch & Lomb Inc., v. Vitamin Health, Inc.*, No. 13-CV-6498, 2016 WL 554848, at *1 (W.D.N.Y. Feb. 10, 2016) (citing *Outley v. City of New York*, 837 F.2d 587, 590-91 (2d Cir. 1988)); *see also Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).

Defendant's explanation for his failure to comply with Judge Schroeder's case management order is rather underwhelming. According to Defendant's counsel's own declaration, counsel was in possession of the Transcripts before discovery was complete and over 16 months before they were tendered to Plaintiff. (*See* Dkt. 62-1 at ¶ 4). Counsel's only explanation for his noncompliance is that he forgot to produce the Transcripts due to an original delay in their receipt from DOCCS resulting from a "backlog of requests for inmate documents in connection with prisoner litigation." (*Id.*; *see* Dkt. 62-4 at 5). Indeed, counsel realized his error only just as he was preparing for trial. (Dkt. 62-1 at ¶ 6).

Defendant argues that because Rule 26 does not require a party to produce copies of the items disclosed, he fulfilled his obligations under the Federal Rules even if he did not comply with Judge Schroeder's order. (*See* Dkt. 62-4 at 3-4). While "[c]ourts have acknowledged that . . . [Rule 26(a)(1)(A)(ii)'s] 'duty to disclose is not synonymous with a duty to produce,'" *Hayes v. Frontera Produce, Ltd.*, No. CIV.A. 12-588-BAJ, 2013 WL 6174799, at *1 (M.D. La. Nov. 20, 2013) (quoting *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 337 (D. Ariz. 2009)),[3] significantly, Defendant also stated that he would update his disclosure and "*produce* documents following the expected receipt of any further documents from DOCCS." (*See* Dkt. 22 at 2 (emphasis added)); *see generally Solis-Alarcon v. United States*, 514 F. Supp. 2d 185, 189-90 (D.P.R. 2007) (holding that the defendants "voluntarily assumed the further duty to produce the initially disclosed documents" where they stated that "[t]hese documents shall be produced forthcoming"), *aff'd*, 662 F.3d 577 (1st Cir. 2011). In any event, "there is no question the court may, . . . under its inherent authority, sanction [the] failure to comply with court orders, . . . and for 'discovery abuses that may not be a technical violation of the discovery rules.'" *Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079 VRW, 2003 WL

---

[3] Indeed, the Court agrees that "[b]y its terms Rule 26(a)(1)(A)(ii) neither mandates production of such items nor requires the disclosing party to produce or describe every item that could conceivably be relevant to the case." *Biers v. Wash. State Liquor & Cannabis Bd.*, No. C15-1518JLR, 2016 WL 7716070, at *2 (W.D. Wash. June 16, 2016); *see* Fed. R. Civ. P. 26(a)(1)(A)(ii) ("a party must, without awaiting a discovery request, provide to the other parties . . . a copy—*or* a description by category and location—of all documents . . . the disclosing party has in its possession, custody, or control and may use to support its claims or defenses. . .") (emphasis added). .

21699799, at *3 (N.D. Cal. Mar. 21, 2003) (quoting *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988)).

Defendant also argues that the Transcripts are important to his trial strategy because they support his position that "the fight between inmate Goring and Plaintiff did not result from a vendetta by Defendant against Plaintiff, as Plaintiff contends; rather, the cause of the fight was that Plaintiff owed Goring money and would not pay him." (Dkt. 62-4 at 5). However, while Defendant will not be able to introduce the Transcripts as part of his case-in-chief, or otherwise use the Transcripts to impeach Plaintiff, Defendant will still be able to question Plaintiff as to whether the altercation between himself and Goring was a result of a debt owed between the two men. As with all witnesses who provide testimony at trial, Plaintiff will be sworn under oath at the time he takes the witness stand. The Court advised both sides at the final pretrial conference that any intentional falsehood uttered under oath will subject that witness to criminal proceedings for perjury. *See* 18 U.S.C. § 1621. Furthermore, Defendant will have an opportunity to cross-examine Plaintiff in full view of the jury, who will then judge Plaintiff's demeanor and be responsible for weighing his credibility. As a result, while use of the Transcripts would certainly be beneficial to Defendant, their preclusion will not prevent Defendant from seeking to elicit the testimony required to raise his desired defense at trial.

The Court also disagrees with Defendant's position that Plaintiff will not be prejudiced by his failure to timely produce the Transcripts. Defendant produced the hearing transcripts just five weeks before trial was scheduled to commence, along with his other pretrial filings. (*See* Dkt. 62-1 at ¶ 6; Dkt. 62-4 at 6). The purpose of discovery

obligations and the rules precluding the use of evidence untimely disclosed "is to prevent the practice of 'sandbagging' an adversary with new evidence." *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000) (quoting *Johnson Elec. N. Am. v. Mabuchi Motor Am. Corp.*, 77 F. Supp. 2d 446, 458 (S.D.N.Y. 1999)). Even assuming Defendant complied with his Rule 26 responsibilities, Defendant's noncompliance with Judge Schroeder's order, inadvertent as it may be, cannot be considered anything less than an attempt to shoulder additional evidence upon his adversary on the eve of trial. Although Defendant argues that Plaintiff could have "sought copies of the Transcripts at any time after Defendant identified them in his initial disclosure" (Dkt. 62-4 at 6), it was Defendant, not Plaintiff, who was obligated by court order to produce copies of these documents for Plaintiff's benefit. In giving due regard to Plaintiff's *pro se* status, the Court finds no reason to fault Plaintiff for failing to seek documents that by all accounts should have been produced by Defendant upon receipt. Furthermore, the Tier III hearings took place about five years ago, and thus, it could hardly be expected that Plaintiff "remembers what was said there." (*See id.*).

Lastly, the trial is scheduled to commence on March 18, 2019 (Dkt. 47), and this case has already been pending for over two-and-a-half years (Dkt. 1). Fact discovery has also been closed for almost 15 months. (Dkt. 31). All of these facts weigh against the possibility of a continuance. *See Curcio v. Roosevelt Union Free Sch. Dist.*, No. 10-CV-5612 SJF AKT, 2012 WL 6641715, at *6 (E.D.N.Y. Dec. 19, 2012) ("Given that this case has been pending for two (2) years and plaintiff has not offered an acceptable justification for his conduct, the possibility of a continuance weighs in favor of preclusion."); *see also*

*Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006) ("[W]eighing heavily on both the prejudice and possibility of continuance factors was the fact that discovery had been closed for 'approximately one and a half years,' and at the time of the offer of expert testimony there was only a 'short time left before trial.'"); *Morritt v. Stryker Corp.*, No. 07-CV-2319 (RRM) (RER), 2011 WL 3876960, at *7 (E.D.N.Y. Sept. 1, 2011) ("[T]he fact that discovery is closed and this case has been pending for over four years 'weighs strongly against the possibility of a continuance.'" (quoting *Spotnana, Inc. v. Am. Talent Agency, Inc.*, No. 09 Civ. 3698 (LAP), 2010 WL 3341837, at *1 (S.D.N.Y. Aug. 17, 2010))).

In balancing these considerations, the first, third, and fourth factors outweigh the importance of the Transcripts to Defendant. The Court acknowledges that Defendant's failure to produce the Transcripts does not appear to be a result of bad faith or malicious conduct. Nonetheless, the sanction of preclusion is not restricted to such occasions. *See Design Strategy, Inc.*, 469 F.3d at 296 (holding that bad faith is not a necessary requirement to preclude evidence as a discovery sanction). The Court's review of Defendant's submissions and its analysis of these four factors leads it to conclude that Defendant has failed to carry his heavy burden of demonstrating that the rare remedy of reconsideration is warranted. *See Abdallah v. Napolitano*, 909 F. Supp. 2d 196, 211-12 (W.D.N.Y. 2012) ("A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." (quotation omitted)); *T.M. Patents, L.P. v. Sun Microsystems Inc.*, No. 06 Civ. 13558 (SCR)(LMS), 2009 WL

10694780, at *7 (S.D.N.Y. Apr. 16, 2009) ("Reconsideration of a prior ruling is exceedingly rare. . . ."). The Court is cognizant of the Second Circuit's counsel that district courts should consider "lesser sanctions prior to precluding evidence as a sanction for discovery violations." *Coene v. 3M Co.*, 303 F.R.D. 32, 42 (W.D.N.Y. 2014) (citing *Outley*, 837 F.2d at 591). Nevertheless, given the late stage of this litigation, on the eve of trial with no viable explanation for the failure to timely produce the Transcripts and the inherent prejudice that Plaintiff would suffer if he was now confronted with them at trial, no sanction other than preclusion is appropriate. Indeed, if Defendant had devoted the effort he has to the motion for reconsideration to simply ensuring that he complied with his relatively minor discovery obligations in this case, he could have avoided the situation in which he now finds himself.

Therefore, the Court denies Defendant's motion for reconsideration.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration (Dkt. 62) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  March 14, 2019
        Rochester, New York