

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CORYDON CARLTON,

        Plaintiff,

v.

C.O. PEARSON, *Prison Guard and Employee at Wende Correctional Facility*,

        Defendant.

**DECISION & ORDER**

1:16-CV-00680 EAW

---

## **BACKGROUND**

Plaintiff Corydon Carlton ("Plaintiff") filed this action on August 19, 2016, alleging that defendant Correctional Officer Robert Pearson ("Defendant") violated his civil rights by failing to protect him from an assault by another inmate. (Dkt. 1). On August 27, 2018, the Court scheduled a jury trial to commence over six months later—on March 18, 2019. (*See* Dkt. 47; Dkt. 48). As noted in the Pretrial Order, this was "a day-certain trial that [would] not be adjourned except for the trial of criminal cases which take precedence pursuant to 18 U.S.C. § 3161." (Dkt. 47 at 1). At the final pretrial conference held on February 25, 2019, Plaintiff (who up until that point had appeared *pro se*) indicated his intention to retain counsel for the upcoming trial. The Court advised Plaintiff at the time that the trial would be going forward as scheduled and if he intended to retain counsel, any such attorney needed to plan to proceed as scheduled.

On March 16, 2019—the Saturday before trial—Michael E. Talassazan, Esq., faxed a notice of appearance on behalf of Plaintiff to the chambers of United States Magistrate

Judge H. Kenneth Schroeder, Jr., along with a letter requesting an adjournment of the trial date. On Monday, March 18, 2019, Plaintiff appeared without the presence of counsel. That morning, Judge Schroeder's chambers contacted the undersigned's chambers to advise as to the weekend communication from Mr. Talassazan. The Court contacted Mr. Talassazan by phone and confirmed that he was not admitted to practice in the Western District of New York, nor was he even physically present in the District. Mr. Talassazan informed the Court that he was unable to appear on Plaintiff's behalf that day but represented that he would appear before the Court the next day and bring with him the necessary materials to seek *pro hac vice* admission.

Because the Court had set the trial date over six months earlier, prospective jurors had been called to court and were awaiting jury selection, and Defendant and his counsel were present and prepared to proceed, the Court denied Plaintiff's eleventh-hour request to adjourn the trial date. However, while jury selection proceeded on March 18, 2019, as scheduled, the Court adjourned opening statements and the presentation of proof until the following day, over Defendant's objections.

On March 19, 2019, Mr. Talassazan was permitted to formally appear on Plaintiff's behalf during trial. Following the close of evidence and closing arguments, the jury was instructed on the applicable law. The Court instructed the jury on compensatory damages, in relevant part, as follows:

> If you find that the Plaintiff is entitled to recover from the Defendant, you must render a verdict for a sum of money that will justly and fairly compensate the Plaintiff for all the losses resulting from any injury or injuries he sustained. The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from

> the Defendant's violation of the Plaintiff's rights. If you find that the Defendant is liable on the Plaintiff's claim, as I have explained it, then you must award the Plaintiff sufficient damages to compensate him for any injury proximately caused by the Defendant's conduct. Again, an injury is proximately caused by conduct when a reasonable person would regard it as a substantial factor in bringing about such injury.

The Court also instructed the jury on nominal damages, in relevant part, as follows:

> Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that the Plaintiff has suffered no injury as a result of the Defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

Plaintiff did not object to any part of the above-referenced jury instructions. On March 22, 2019, the jury returned a verdict in Plaintiff's favor, finding that Defendant had violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and awarding Plaintiff nominal damages in the amount of $1.00. (Dkt. 70).

On April 11, 2019, Plaintiff filed a motion to set aside the damages portion of the verdict. (Dkt. 73). Plaintiff claims that the damages award should be set aside as against the weight of the evidence, and that the "Court should either set a reasonable amount for the plaintiff's damages or in the alternative order a new trial on the issue of damages." (Dkt. 73-1 at ¶ 12). Plaintiff also seeks an award of attorney's fees and costs. (*Id.* at ¶ 2). Defendant opposes Plaintiff's motion to set aside the verdict (Dkt. 75 at 1-11), or, alternatively, requests that if a new trial is ordered, it is ordered as to all issues and not just damages (*id.* at 11-12). Defendant also argues that Plaintiff's counsel is not entitled to attorney's fees, or, alternatively, in the event attorney's fees are appropriate, the amount of

recoverable fees should be capped at $1.50. (*Id.* at 12-16). Lastly, Defendant argues that Plaintiff is not entitled to an award of costs. (*Id.* at 16).

For the following reasons, Plaintiff's motion to set aside the verdict is denied.

## DISCUSSION

### I. Legal Standard

Rule 59(a) of the Federal Rules of Civil Procedure provides that a court may "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "The Second Circuit has held that a Rule 59 motion for a new trial should be denied 'unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.'" *Spinelli v. City of New York*, No. 02 CIV. 8967, 2011 WL 2802937, at *1 (S.D.N.Y. July 12, 2011) (quoting *AIG Global Sec. Lending Corp. v. Banc of Am. Sec., LLC.*, 386 F. App'x 5, 7 (2d Cir. 2010)); *see Medforms, Inc. v. Healthcare Mgmt. Sols., Inc.*, 290 F.3d 98, 106 (2d Cir. 2002) (same). "On new trial motions, the trial judge may weigh the evidence and the credibility of witnesses and need not view the evidence in the light most favorable to the verdict winner." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012).

"A court considering a Rule 59 motion for a new trial must bear in mind, however, that the court should only grant such a motion when the jury's verdict is egregious." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) (quotation omitted). For this reason, a Rule 59(a) motion for a new trial based "on the ground that the jury's verdict is against the weight of the evidence must overcome the 'high degree of

deference . . . accorded to the jury's evaluation of witness credibility' and the admonition that 'jury verdicts should be disturbed with great infrequency.'" *Johnson v. Perry*, 763 F. App'x 81, 83 (2d Cir. 2019) (quoting *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97-98 (2d Cir. 2014)). While "[t]he legal test for granting a new trial is less stringent than for granting judgment as a matter of law," *Luv n' Care, Ltd. v. Regent Baby Prod. Corp.*, 898 F. Supp. 2d 650, 654 (S.D.N.Y. 2012), "in practice courts do not grant new trials as freely as the language suggests, and movants for a new trial are still held to 'a heavy burden,'" *Toliver v. N.Y.C. Dep't of Corr.*, 202 F. Supp. 3d 328, 340 (S.D.N.Y. 2016) (quotations and citation omitted).

## II. <u>Plaintiff's Request for Additur is Constitutionally Impermissible</u>

Plaintiff's request for a new trial on damages is made only in the alternative. (*See* Dkt. 73-1 at ¶ 2). First and foremost, Plaintiff requests that the Court set aside the verdict and simply award additur in a reasonable amount commensurate with Plaintiff's injuries. (*Id.* at ¶¶ 2, 12).

"Additur is the process by which, if a trial court considers a verdict inadequate, it may condition the denial of plaintiff's motion for a new trial on defendant's consent to the entry of judgment in excess of the verdict." *Elsevier Inc. v. Grossmann*, No. 12 Civ. 5121 (KPF), 2018 WL 4908105, at *3 (S.D.N.Y. Oct. 9, 2018). "[I]t is a tool that judges use to fix damages—something that can generally be done only by the fact-finder—without actually having to hold a second trial." *Liriano v. Hobart Corp.*, 170 F.3d 264, 272 (2d Cir. 1999). However, it is settled law that additur cannot "be employed by federal courts because the procedure involve[s] an unconstitutional reexamination of a jury verdict in

violation of the Seventh Amendment." *Earl v. Bouchard Transp. Co.*, 917 F.2d 1320, 1331 (2d Cir. 1990); *see Dimick v. Schiedt*, 293 U.S. 474, 482 (1935) ("[T]he established practice and the rule of the common law, as it existed in England at the time of the adoption of the Constitution, forbade the court to increase the amount of damages awarded by a jury in actions such as that here under consideration."); *Elyse v. Bridgeside Inc.*, 367 F. App'x 266, 267 (2d Cir. 2010) (determining that the "motion to increase the damages award was properly denied by the district court on the ground that additur is constitutionally impermissible").

Therefore, to the extent Plaintiff requests that the Court set aside the verdict and grant additur, that request is denied.[1]

### III. The Verdict is Not Against the Weight of the Evidence

As an initial matter, Plaintiff fails to provide citations to any relevant excerpts of the trial or pretrial records and appears to submit his motion based upon counsel's own recollection of the various arguments presented and rulings issued at trial. Generally

---

[1] "Several courts have recognized that *Dimick* is not applicable to cases 'where the jury has found the underlying liability and there is no genuine issue as to the correct amount of damages.'" *Elsevier Inc.*, 2018 WL 4908105, at *4 (quoting *E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1252 (11th Cir. 1997)); *see Liriano*, 170 F.3d at 272-73 ("The district court did not divine a figure and then make the defendants choose between an increased damage award and a new trial. It simply adjusted the jury award to account for a discrete item that manifestly should have been part of the damage calculations and as to whose amount there was no dispute. When a jury has already found liability, federal courts may make such adjustments without running afoul of *Dimick*."). Nonetheless, this "narrow exception" to *Dimick* is not applicable to this case because Plaintiff is not requesting a "discrete adjustment to account for an undisputed amount." *Elsevier Inc.*, 2018 WL 4908105, at *4. Instead, Plaintiff requests additur in "a reasonable amount for [his] damages" (Dkt. 73-1 at ¶ 12), and Defendant contested the extent of any such damages at trial.

speaking, specific reliance upon the trial transcript is necessary to demonstrate one's entitlement to relief on a Rule 59 motion based upon determinations made at trial. *See Ayala v. Rosales*, No. 13 C 4425, 2015 WL 4127915, at *1 (N.D. Ill. July 8, 2015) (noting that "while the Court has attempted to the best of its ability to address [p]laintiff's claims on the merits," the plaintiff's "failure to provide all of the necessary record citations makes it impossible for this Court to properly address his claims of error," and thus, "any arguments lacking necessary record support are, in the first instances, denied as waived"); *Ratliff v. City of Chicago*, No. 10-CV-739, 2013 WL 3388745, at *1 (N.D. Ill. July 8, 2013) (on a motion for a new trial, "to the extent that citation to the record would be necessary to support a position, [d]efendants' failure to cite to the trial record or the pretrial conference record will not be excused"); *Parr v. Nicholls State Univ.*, No. CIV.A. 09-3576, 2012 WL 1032905, at *3 (E.D. La. Mar. 27, 2012) (denying the motion for a new trial, noting that "without the benefit of citation to the trial transcript, the Court has no basis for determining that any error occurred"); *Terranova v. Torres*, No. 04-CV-2129 (CS), 2010 WL 11507383, at *4 (S.D.N.Y. June 23, 2010) (declining to grant the plaintiffs' motion for a new trial based upon challenged evidentiary rulings where the plaintiff failed to "cite pertinent sections of the trial transcript so as to identify the particular evidentiary rulings to which he refers, and does not provide any legal support for his arguments"), *aff'd sub nom. Terranova v. New York*, 676 F.3d 305 (2d Cir. 2012); *Warren v. Thompson*, 224 F.R.D. 236, 240 n.7 (D.D.C. 2004) ("A trial court is not required to parse through transcripts in an effort to identify the grounds of a post-trial motion." (quotation omitted)), *aff'd sub nom. Warren v. Leavitt*, 264 F. App'x 9 (D.C. Cir. 2008). Thus, to the extent Plaintiff's motion

is based upon any perceived infirmity in the Court's rulings at trial, his failure to rely upon any aspect of the trial transcript is fatal to his assertions. Nonetheless, the Court has considered the arguments raised in Plaintiff's post-verdict motion and finds that they do not demonstrate entitlement to a new trial.

Plaintiff's sparse three-page attorney affirmation in support of his motion does little to establish that the verdict is against the weight of the evidence. Plaintiff's counsel emphasizes that the trial evidence demonstrated that Plaintiff suffered severe injuries as a result of the assault by the other inmate. (Dkt. 73-1 at ¶ 6). Plaintiff suggests that the jury's award of nominal damages is inconsistent with its conclusion that Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment was violated. (*See id.* at ¶ 11 ("Here, while the jury concluded that the plaintiff suffered a violation of the cruel and unusual punishment clause of the United States Constitution, they somehow concluded that his damages were only one dollar.")).

There is nothing inherently inconsistent or improper with awarding nominal damages for a constitutional violation. *See Randolph v. Metro. Transp. Auth.*, No. 17CV1433(DLC), 2019 WL 1567663, at *8 (S.D.N.Y. Apr. 11, 2019) ("There is no inconsistency . . . between a finding that a plaintiff's rights were violated and that the plaintiff should only be awarded nominal damages."). "What Plaintiff fails to recognize is that being subjected to a constitutional violation, while sufficient to sustain the claim, does not mean, *a fortiori*, that he is entitled to compensatory damages." *Blake v. Coughlin*, No. 9:92-CV-1351, 2006 WL 2270383, at *3 (N.D.N.Y. Aug. 8, 2006). Indeed, the Second Circuit has recognized that "[a] finding that the plaintiff has been deprived of a

constitutional right does not automatically entitle him to a substantial award of damages." *Kerman v. City of New York*, 374 F.3d 93, 123 (2d Cir. 2004).

It is well settled that in order to "recover compensatory damages under Section 1983, a plaintiff must prove that his injuries were *proximately caused* by the constitutional violation." *Gibeau v. Nellis*, 18 F.3d 107, 110 (2d Cir. 1994) (emphasis added); *see Kerman*, 374 F.3d at 123 ("'The cardinal principle of damages in Anglo-American law,' which applies to actions brought under § 1983, 'is that of *compensation* for the injury caused to plaintiff by defendant's breach of duty.'" (quoting *Carey v. Piphus*, 435 U.S. 247, 254-55 (1978))). "A plaintiff is 'not . . . entitled to compensatory damages simply because the jury found' a violation of his constitutional rights." *Randolph*, 2019 WL 1567663, at *8 (quoting *Ali v. Kipp*, 891 F.3d 59, 66 (2d Cir. 2018)). "Unless a plaintiff proves that he or she has suffered an injury that *resulted from* a constitutional violation, the plaintiff is entitled only to nominal damages." *Quartararo v. Hoy*, 113 F. Supp. 2d 405, 417 (E.D.N.Y. 2000) (emphasis added) (citing *Miner v. City of Glens Falls*, 999 F.2d 655, 660 (2d Cir. 1993)).

Here, the jury heard substantial testimony relating to the duration of the assault and how long it took Defendant to open Plaintiff's prison cell door to stop the fight. The jury was free to reject Plaintiff's theory that Defendant perpetrated a cage match between Plaintiff and the other inmate by purposefully locking Plaintiff's cell door after the inmate began his assault. The jury was also free to accept Plaintiff's position that Defendant was indifferent by not reacting to diffuse the situation within a reasonably swift manner. *See Rodriguez v. Ghoslaw*, No. 98 CIV. 4658 (GEL), 2001 WL 755398, at *7 (S.D.N.Y. July

5, 2001) ("A jury that found that [the defendant] did deliberately authorize or goad inmates to continue a violent and dangerous brawl could still find that the Constitution was violated, and return a verdict of at least nominal damages for [the plaintiff]." (footnote omitted) (citing *Gibeau*, 18 F.3d at 110)). A reasonable jury could have concluded that while Defendant violated Plaintiff's constitutional rights, Defendant's failure to act did not proximately cause Plaintiff's injuries. *See Rentas v. Ruffin*, 816 F.3d 214, 223 (2d Cir. 2016) ("'[W]hen a defendant has deprived the plaintiff of liberty[,] . . . but the . . . adverse action would have been taken even' in the absence of the wrongful conduct, 'the plaintiff . . . is entitled only to nominal damages.'" (quoting *Kerman*, 374 F.3d at 123)); *Haywood v. Koehler*, 885 F. Supp. 624, 626 (S.D.N.Y. 1995) ("[T]he jury could well have concluded that the injuries sustained by [the plaintiff] were the result of the use of justified force by [the defendant] in attempting to quell a near riot condition and that while [the defendant] also used excessive force, that use of force was not the cause of any compensable injury."), *aff'd*, 78 F.3d 101 (2d Cir. 1996); *see generally Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 314 (2d Cir. 1999) ("[W]here both justified and unjustified force were used, the jury could conclude that the injuries resulted from the justified use of force.").

Plaintiff points to no evidence that would have required the jury to find that the injuries he sustained during the assault arose from Defendant's violation of his rights. *See Ali v. Kipp*, No. 11-CV-5297 (NGG) (VMS), 2016 WL 7235719, at *8 (E.D.N.Y. Dec. 13, 2016) ("[A] verdict should be overturned and set aside only if there is no view of the case that can harmonize the jury's findings."), *aff'd*, 891 F.3d 59 (2d Cir. 2018). The jury was

in the best position to piece together the facts in determining how, if at all, Defendant violated Plaintiff's constitutional rights and whether any actual injury resulted from that violation. *See Haywood v. Koehler*, 78 F.3d 101, 105 (2d Cir. 1996) ("[T]he jurors were not required to accept the entirety of either side's account, but were free to accept bits of testimony from several witnesses and to make reasonable inferences from whatever testimony they credited."). Because "a court should rarely disturb a jury's evaluation of a witness's credibility," *DLC Mgmt. Corp.*, 163 F.3d at 134, and since the degree to which Defendant's wrongful conduct proximately caused Plaintiff's injuries hinged upon the jury's assessment of the witnesses' demeanor, the Court declines to substitute its own credibility determinations for those reached by the jury, *see Raedle*, 670 F.3d at 418 ("[w]here the resolution of the issues depended on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial" (quotation omitted)).

Therefore, Plaintiff's motion to set aside the damages portion of the verdict as against the weight of the evidence is denied.

### IV. Plaintiff's Counsel is Not Entitled to an Award of Attorney's Fees

Where an action is brought pursuant to § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs," subject to certain exceptions not relevant here. *See* 42 U.S.C. § 1988(b). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotation omitted).

"Plaintiffs who win nominal damages are, indeed, prevailing parties for purposes of fee awards." *Pino v. Locascio*, 101 F.3d 235, 238 (2d Cir. 1996) (citing *Farrar v. Hobby*, 506 U.S. 103, 112 (1992)).

"However, while prevailing parties are eligible for fees under § 1988, they are not invariably entitled to them." *Husain v. Springer*, 579 F. App'x 3, 4 (2d Cir. 2014); *see Farrar*, 506 U.S. at 115 ("In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all."). The Supreme Court has explained that "[i]n a civil rights suit for damages, . . . the awarding of nominal damages . . . highlights the plaintiff's failure to prove actual, compensable injury." *Farrar*, 506 U.S. at 115. As a result, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* (citation omitted); *see also Pino*, 101 F.3d at 238 ("[W]hile there is no *per se* rule that a plaintiff recovering nominal damages can never get a fee award, *Farrar* indicates that the award of fees in such a case will be rare."). In other words, "'[w]here recovery of private damages is *the* purpose of . . . civil rights litigation,' a plaintiff who obtains no more than nominal damages will typically not merit an award of attorneys' fees." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998) (quoting *Farrar*, 506 U.S. at 114); *see Husain*, 579 F. App'x at 4 ("[I]t is not the technical fact of prevailing party status, but the 'degree of success obtained' that determines a party's entitlement to a fee award and, relatedly, the reasonableness of the amount of that award." (quoting *Farrar*, 506 U.S. at 114)).

Furthermore, the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), limits a prevailing prisoner-plaintiff's recovery of attorney's fees to 150% of the money judgment awarded. *See Shepherd v. Goord*, 662 F.3d 603, 607 (2d Cir. 2011) ("[W]e have observed that § 1997e(d)(2) 'effectively caps a defendant's liability for attorneys' fees in a prisoner's § 1983 action at 150% of a money judgment.'" (quoting *Torres v. Walker*, 356 F.3d 238, 242 (2d Cir. 2004))); *Carbonell v. Acrish*, 154 F. Supp. 2d 552, 560 (S.D.N.Y. 2001) ("When a prisoner-plaintiff garners a monetary judgment, section 1997e(d)(2) imposes a ceiling on the defendants' liability for attorneys' fees equal to 150% of the amount of that judgment." (quoting *Boivin v. Black*, 225 F.3d 36, 40 (1st Cir. 2000))). This limitation has been applied with equal force in the context of nominal monetary judgments. *See Shepherd*, 662 F.3d at 609 (noting that no court of appeals has "recognized an exception to the 150-percent fee cap in cases awarding plaintiffs monetary judgments of only $1.00," and while acknowledging that attorney's fees of "$1.50 is the practical equivalent of no fee award at all," this "is not a sufficient reason to deny the statutory language its plain meaning, which permits no exception for minimal or nominal monetary judgments").

Here, Plaintiff sought compensatory damages in the amount of $5,000,000.00 and punitive damages in the amount of $100,000.00. (Dkt. 1 at 6, 8). It is beyond dispute that the purpose of this civil action was the recovery of a substantial damages award. Nonetheless, while Plaintiff established at trial that Defendant violated his constitutional rights, he obtained an award of just $1.00 in nominal damages. (Dkt. 70 at 2). The Second Circuit has affirmed the denial of an attorneys' fee award "where the plaintiff recovered only nominal damages and received no other meaningful relief." *McCardle v. Haddad*,

131 F.3d 43, 54 (2d Cir. 1997); *see Caruso v. Forslund*, 47 F.3d 27, 32 (2d Cir. 1995) (affirming denial of attorneys' fee award where compensatory damages were sought but only nominal damages were obtained); *see also Pino*, 101 F.3d at 238-39 (reversing attorneys' fee award where the plaintiff sought $21 million in damages but only received $1.00). As in *Farrar*, "[t]his litigation accomplished little beyond giving [Plaintiff] 'the moral satisfaction of knowing that a federal court concluded that [his] rights had been violated.'" *Farrar*, 506 U.S. at 114. Considering that the primary pursuit of this litigation was a private damages award, "[t]he only way [Plaintiff] could have been less successful is if []he had lost altogether, and then, of course, []he would not qualify as a prevailing party." *Pino*, 101 F.3d at 238. It is also worth mentioning that Defendant is now retired, and as such, poses no risk of repeating the alleged constitutional violation with other inmates. In other words, a personal damages award to Plaintiff was necessarily the sole focus of the litigation, and under the circumstances, a nominal award of $1.00 simply does not denote the type of success required for an attorneys' fee award.

Given Plaintiff's limited success in this action, an attorney's fee award is inappropriate. Therefore, Plaintiff's counsel's request for attorney's fees is denied.

### V. <u>Plaintiff's Request for Costs is Denied Without Prejudice</u>

"Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, 'costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.'" *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (quoting Fed. R. Civ. P. 54(d)(1)). "Under normal circumstances, a plaintiff who prevails on a 42 U.S.C. § 1983 claim is entitled to recover costs. . . ." *Stanczyk v. City of New York*,

752 F.3d 273, 280 (2d Cir. 2014). "The decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

Defendant contends that Plaintiff's request for costs is procedurally defective because it fails to comply with this District's applicable local rule. (Dkt. 75 at 16). Pursuant to L.R. Civ. P. 54(a), a party that is otherwise entitled to recover costs shall, "[w]ithin thirty (30) days after entry of final judgment, . . . submit to the Clerk of Court a verified Bill of Costs on the form provided by the Court." Defendant argues that Plaintiff has failed to file a verified Bill of Costs and the time period in which he was required to do so has since expired. (Dkt. 75 at 16). Besides the fact that a "district court has broad discretion to determine whether to overlook a party's failure to comply with local rules," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 n.2 (2d Cir. 2006) (quotation omitted), Defendant's assertion that the time to submit a verified Bill of Costs has expired is incorrect.

"[P]ost-judgment motions pursuant to [Rule 59] will ordinarily toll any applicable time period that turns on the date of the entry of judgment." *Deep v. Coin*, 453 F. App'x 49, 56 (2d Cir. 2011). Although the *Deep* decision concluded that the post-judgment motion did not extend the thirty-day time period to file a bill of costs under the Northern District of New York's applicable local rule, it did so because that rule specifically provided otherwise. *Id.*; *see id.* at 55-56 (noting that the local rule clarified that "[p]ost-trial motions shall not serve to extend the time within which a party may file a verified bill of costs as provided in this Rule, except on an order extending time"). A review of this

District's Local Rule 54 reveals that it contains no such limitation. *See* L.R. Civ. P. 54. In fact, *Deep* recognized that the Northern District's local rule "differ[ed] from that applicable in other districts within this Circuit." *See Deep*, 453 F. App'x at 56.

Here, Plaintiff filed his motion to set aside the verdict 16 days after the entry of Judgment. (*See* Dkt. 72; Dkt. 73). That motion tolls the time limitation set forth in L.R. Civ. P. 54(a), which requires that a verified Bill of Costs be submitted to the Clerk of Court 30 days "after entry of final judgment." Therefore, Plaintiff's time to file a verified Bill of Costs with the Clerk of Court has not yet expired.

However, because Plaintiff has failed to provide a sufficient itemization of his costs, Plaintiff's application for costs has not been filed in proper form pursuant to Fed. R. Civ. P. 54(d).[2] *See Martino v. MarineMax Ne., LLC*, No. 17-CV-4708 (DRH) (AKT), 2018 WL 6199557, at *7 (E.D.N.Y. Nov. 28, 2018) ("Given the absence of any supporting documentation, the Court declines to consider the request [for costs] at this time."); *G & P Warehouse, Inc. v. Cho's Church Ave Fruit Mkt. Inc.*, No. 15 CV 6174 (NG)(CLP), 2016 WL 5802747, at *12 (E.D.N.Y. Aug. 12, 2016) (recommending denial of requested costs that were supported by "no documentation"), *report and recommendation adopted*, No. 15-CV-6174 (NG)(CLP), 2016 WL 5716819 (E.D.N.Y. Sept. 30, 2016); *Fleming v. MaxMara*

---

[2] To the extent Plaintiff suggests that Rule 68(d) provides an alternative ground for receipt of costs, Plaintiff's suggestion is mistaken. Rule 68 pertains to an offer of judgment. "A Rule 68 offer of judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party." *Glenn v. Fuji Grill Niagara Falls, LLC*, No. 14-CV-380S, 2016 WL 1557751, at *3 (W.D.N.Y. Apr. 18, 2016) (quoting *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 363 (1981) (Powell, J., concurring)). Plaintiff has failed to point to any offer of judgment in this matter, and thus, Rule 68 does not apply.

*USA, Inc.*, No. 06-CV-6357 (CBA) (JMA), 2010 WL 1629705, at *14 (E.D.N.Y. Apr. 21, 2010) (declining to award costs, in part, because "defendants have failed to provide a clear list of the compensable costs incurred"). Furthermore, Plaintiff must satisfy the requirements outlined in Local Rule 54 by filing a procedurally-compliant verified Bill of Costs with the Clerk of Court in order to pursue his request for costs. Therefore, the Court denies Plaintiff's request for costs without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to set aside the verdict and request for an award of attorney's fees (Dkt. 73) is denied, and Plaintiff's request for costs is denied without prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:    June 19, 2019
          Rochester, New York